IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELONY REED, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 2:25-CV-00516 |
| v. | ) |
| | ) |
| FAY-PENN ECONOMIC | ) |
| DEVELOPMENT COUNCIL, | ) |
| | ) |
| Defendant | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW COMES, Defendant Fay-Penn Economic Development Council by and through its counsel, Trisha Gill, Esquire and Litchfield Cavo, LLP and hereby submits this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## ANSWER

1. Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, the averment denied. It is denied that the amount in controversy exceeds the sum of $75,000 and proof is demanded.

2. Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, the averment is admitted.

3. Paragraph 3 of Plaintiff's Complaint is admitted.

4. Paragraph 4 of Plaintiff's Complaint is admitted.

5. Paragraph 5 of Plaintiff's Complaint is admitted.

6. Paragraph 6 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted that Plaintiff was hired in July 2023 as Director of Finance. It is denied that the Defendant often referred to her as the CFO and proof is demanded.

7. Paragraph 7 of Plaintiff's Complaint is admitted.

8. Paragraph 8 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted that part of the Defendant's mission is to stimulate the community and economic development and quality of life in Fayette County. It is further admitted that the Defendant strives to accomplish that mission by offering business and entrepreneurial support, real estate and community development and loans and financing for businesses in Fayette County. It is denied that the Defendant offers loans to individuals.

9. Paragraph 9 of Plaintiff's Complaint is denied as stated. RLF Funds do not come from the Commonwealth of Pennsylvania. Instead, RLF funds are raised by the Defendant. RMAP is a subcategory fund that is offered under the umbrella of RLF Funds. RMAP funds are state-restricted and are limited to $50,000 and typically designated for start-up companies. RMAP funds are not given to individuals.

10. Paragraph 10 of Plaintiff's Complaint is denied. Todd Casteel did not secure a loan. Edward Balling was part of a group of 50 owners of a hotel (Hilton Garden) that received a loan. Dan Gearing's company obtained a blended loan from Defendant and another financial institution to purchase a piece of business equipment. Rusty Smalley's company, Smalley's Electric did obtain a loan, but not it 2022 as alleged. Smalley Electric obtained a loan in 2020 and it was fully paid off in 2025. Notably, Committee Members (or Board Members) are never able to participate in the loan approval process when they have an interest in the entity recieving the loan and must recuse themselves from the process. It is denied that the loans were cheaper than market and proof is demanded. By way of further answer, all loans that are issued to entities with board member or committee member interests are disclosed on IRS form 990-Schedule L and to the Defendant's independent auditors. At no time has the Defendant ever been alerted that any of its loans to entities with board member/committee member interests were improper or prohibited.

11.     Paragraph 11 of Plaintiff's Complaint is denied. Defendant does not issue loans to individuals.

12.     Paragraph 12 of Plaintiff's Complaint is denied pursuant to FRCP8(b)(5).

13.     Paragraph 13 of Plaintiff's Complaint is denied as stated. Mr. Gearing's company did not obtain a PIDA loan in 2023. It did, however, obtain a blended loan from Defendant and another financing institution to purchase a piece of equipment which was not a PIDA loan and thus, had no requirement of job creation.

14.     Paragraph 14 of Plaintiff's Complaint is denied generally pursuant to FRCP 8(b)(5) in that Defendant lacks information sufficient to form a belief as to what Plaintiff claims she believed. However, had Plaintiff understood her job and the types of loans issued by the Defendant, she should have known that the loan transactions outlined in Paragraphs 10-13 of her Complaint were not against the mission of the Defendant, were not unethical, did not have any conflict of interest and were not illegal. All loan transactions Plaintiff complains of were disclosed to the IRS and auditors and were never flagged by any tax professional, financial professional or any government entity as improper.

15.     Paragraph 15 of Plaintiff's Complaint is admitted in part and denied in part. It is denied that Plaintiff reported any concerns in August 2023—she had just started her job in July 2023. It is admitted that in December 2023 or January 2024 Plaintiff had a discussion with auditor Ed Scherer regarding some unfounded concerns she had regarding loans. It is denied, pursuant to FRCP 8(b)(5) that Plaintiff complained to anyone in August 2023 and proof is demanded.

16.     Paragraph 16 of Plaintiff's Complaint is admitted in part and denied in part pursuant to FRCP 8(b)(5). It is admitted only that in December 2023 Plaintiff had a meeting with Mr. Gearing. However, during this December 2023 meeting there was no discussion of any specific

3

loan and she never discussed any concern of false information on any applications. The remainder of the allegations are denied and proof is demanded.

17. Paragraph 17 of Plaintiff's Complaint is denied as stated. During the meeting Mr. Gearing attempted to help Plaintiff understand the Defendant's loan processes and procedures along with how it historically handled loans.

18. Paragraph 18 of Plaintiff's Complaint is admitted in part. It is admitted only that there was a meeting with the Executive Committee in early 2024. The mission of the Defendant was discussed and loans in general were discussed. There was no discussion of the IRS or BCO and there was no discussion about anyone stepping down. Proof is demanded.

19. Paragraph 19 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted only that Plaintiff spoke with Mr. Scherer about loans in conjunction with Mr. Scherer's audit. It is denied that Mr. Scherer advised the Plaintiff not to call PIDA or BCO because Fay-Penn would find a way to terminate her. Proof is demanded. The remainder of the allegations are denied and proof is demanded.

20. Paragraph 20 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted only that there was a meeting in August 2024 to discuss loans. It is denied that Mr. Scherer referred to the Plaintiff as a whistleblower in this meeting. During the meeting, discussions regarding loan procedures took place in an effort to educate the Plaintiff on loan procedures and loan compliance and to provide information to Mr. Scherer so that he could complete the audit. It is denied that Mr. Scherer had concerns about the loans. After this meeting, Plaintiff advised that she understood the loan procedures and Mr. Scherer advised he had sufficient information to complete the audit.

21. Paragraph 21(a)(i-vi)(b)(i-iii) of Plaintiff's Complaint state legal conclusions to which no responses were required. To the extent responses are deemed necessary, said averments are denied and proof is demanded.

22. Paragraph 22 of Plaintiff's Complaint is denied and proof is demanded.

23. Paragraph 23 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted that Plaintiff was placed on administrative leave in October 2024 after a 30-year employee expressed concerns to the Board about Plaintiff's work habits and improper use of company credit cards issued to Plaintiff and her daughter. After a comprehensive investigation, the Defendant confirmed that Plaintiff had been making thousands of dollars of personal purchases on her company credit card, on her daughter's company credit card and even on other employee's company credit cards. It was later discovered that Plaintiff was then reporting some of those purchases as fraud to the credit card companies. Some of these purchases were for personal items from Walmart, alcohol, veterinary bills and door dash meals sent to Plaintiff's personal residence. In addition, during this investigation various employees came forward to disclose that Plaintiff had been performing duties for another company, Vandalia, who was the prior employer of Ms. Kuhns. Defendant also discovered that Plaintiff was involved in issuing bonus payments to herself and other employees without board approval and not ensuring there was proper withholdings. Employees also disclosed that Plaintiff and Ms. Kuhns had been hiding information from the Board. Plaintiff and Ms. Kuhns were both terminated after this investigation. Plaintiff's termination was legitimate and not in retaliation for any claimed protected activity. This is evidenced by the fact that Plaintiff has been charged with felony theft by unlawful taking and felony forgery by the Pennsylvania State Police at MJ-14202-CR-0000098-2025.

24. Paragraph 24 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted only that Plaintiff utilized a Fay-Penn credit cards to pay thousands of dollars in veterinary bills among other personal, unauthorized purchases. The remainder of the allegations are denied pursuant to FRCP 8(b)(5).

25. Paragraph 25 of Plaintiff's Complaint is admitted.

26. Paragraph 26 of Plaintiff's Complaint is denied. It is denied that the stated reasons for termination were pretextual. To the contrary, the stated reasons for termination were the real, legitimate and nondiscriminatory/nonretaliatory reasons. By way of further answer, it is specifically denied that Plaintiff (or Ms. Kuhn's for that matter) had any good faith reporting of waste and/or wrongdoing to the Board. Proof is demanded. Further, Ms. Kuhns did not have the authority to permit Plaintiff to engage in a barrage of unauthorized personal purchases on company credit cards. Indeed, Ms. Kuhns was also terminated after this investigation.

27. Paragraph 27 of Plaintiff's Complaint is denied and proof is demanded.

**COUNT 1 – RETALIATION UNDER THE PENNSYLVANIA WHISTLEBLOWER LAW**

28. Paragraph 28 of Plaintiff's Complaint is an incorporation paragraph and requires no response.

29. Paragraph 29 of Plaintiff's Complaint is denied and proof is demanded. Plaintiff was terminated for legitimate, nondiscriminatory/nonretaliatory reasons.

30. Paragraph 30 of Plaintiff's Complaint is denied. Proof is demanded.

31. Paragraph 31 of Plaintiff's Complaint is denied and proof is demanded

WHEREFORE, Defendant denies that it is liable to the Plaintiff in the sum demanded or for any sum whatsoever and therefore, requests this Honorable Court to enter judgment in its favor and against the Plaintiff with costs and prejudice imposed.

## AFFIRMATIVE DEFENSES

32. Paragraphs 1-31 of Plaintiff's Complaint are hereby incorporated as if set forth fully at length herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was terminated for legitimate, non discriminatory/non retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not make a good faith report of waste or wrongdoing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, those damages were a result of superseding or intervening causes over which this Defendant had no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants aver the doctrine of after-acquired evidence as a bar to any damages claim.

### EIGHTH AFFIRMATIVE DEFENSE

Punitive damages are not warranted and are not recoverable under the Pennsylvania Whistleblower law.

WHEREFORE, Defendant denies that they are liable to the Plaintiff in the sum demanded or for any sum whatsoever and therefore, requests this Honorable Court to enter judgment in their favor and against the Plaintiff with costs and prejudice imposed.

Respectfully submitted,
LITCHFIELD CAVO, LLP

*/s/ Trisha A. Gill*
Trisha A. Gill, Esq. (PA. I.D. #83751)
gill@litchfieldcavo.com
Two Gateway Center
603 Stanwix Street, 10th Floor
Pittsburgh, PA 15222
(412) 291-8240-Telephone
(412)-586-4512-Fax

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses has been served via CM/ECF filing system to counsel of record, this, the 23rd day of July, 2025.

        LITCHFIELD CAVO, LLP

        */s/ Trisha A. Gill*
        Trisha A. Gill, Esq. (PA. I.D. #83751)
        gill@litchfieldcavo.com
        Two Gateway Center
        603 Stanwix Street, 10th Floor
        Pittsburgh, PA 15222
        (412) 291-8240-Telephone
        (412)-586-4512-Fax