# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELONY REED, | ) |
|     Plaintiff, | ) <br> ) <br> ) Civil Action No. 2:25-cv-00516 <br> ) |
| v. | ) Chief Judge Mark R. Hornak <br> ) |
| FAY-PENN ECONOMIC DEVELOPMENT COUNCIL, | ) <br> ) <br> ) |
|     Defendant. | |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated December 16, 2025, the parties submit the following Joint Status Report.

   i. Since the Case Management Conference, the parties have exchanged initial disclosures, which included the exchange of the documents identified in the disclosures.

   ii. Plaintiff's counsel has reviewed the probable cause Affidavit in the criminal case, wherein the relevant Pennsylvania State Trooper indicated that Ms. Reed made various admissions during his interview of her. Ms. Reed denies making any of these admissions. Plaintiff's counsel would like to review the audio file from the interview before deciding how or whether to proceed in the civil case.

   iii. Ms. Reed's preliminary hearing on her criminal matter took place on December 23, 2025. Mr. Spear attended the hearing as an observer and watched and heard testimony from multiple Fay-Penn witnesses and the state trooper. While counsel learned many new details of Defendant's story, still outstanding is what occurred during Ms. Reed's interview with the state

trooper, who maintains she essentially confessed to the crime. Ms. Reed disputes that account. This audio file will be made available to Ms. Reed once discovery begins in her criminal case.

iv. Ms. Reed was arraigned on January 13, 2026.

v. Plaintiff's position is unchanged from the initial case management conference and last status report. Plaintiff's counsel prefers to see what happens with the criminal matter before investing time and money to advance this case and therefore renews the request to stay proceedings in this case until the criminal matter has been resolved. Additionally, Mr. Haber has still advised Plaintiff to invoke her 5th Amendment right against self-incrimination at any deposition in this case while the criminal case is pending.

vi. In the alternative, Plaintiff requests to continue the stay until counsel has an opportunity to review the transcript from the interview of Ms. Reed by the state trooper.

vii. Defendant maintains its position, which is that the stay should be lifted so the matter can proceed. There are fifteen (15) witnesses identified in Plaintiff's disclosures alone that will likely need deposed. While the Plaintiff may not want to give deposition testimony now, given her Fifth Amendment right against self-incrimination, Defendant believes that the parties can conduct meaningful discovery, including the depositions of non-party and defense witnesses.

Respectfully Submitted:

| | |
|---|---|
| *s/ David B. Spear* | *s/ Trisha A. Gill* |
| David B. Spear | Trisha A. Gill |
| PA ID: 62133 | PA ID: 83751 |
| | |
| Gabrielle K. Shaulis | Litchfield Cavo |
| PA ID: 334275 | Two Gateway Center |
| | 603 Stanwix Street, 10th Floor |
| Minto Law Group, LLC | Pittsburgh, PA 15222 |
| 811 Camp Horne Road, Suite 320 | gill@litchfieldcavo.com |
| Pittsburgh, PA 15237 | |
| Telephone (412) 201-5525 | |

[dspear@mintolaw.com](mailto:dspear@mintolaw.com)